# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ORCHARD SUPPLY COMPANY, LLC, a business entity, doing business as
ORCHARD SUPPLY HARDWARE; and DOES 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CAROLYN JOHNSON, an individual;

---

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**

4/8/2019 4:25 PM

SAN LUIS OBISPO SUPERIOR COURT
BY _Carol L. McGuire_, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Luis Obispo<br>1035 Palm Street – Room 385<br>San Luis Obispo, California 93405 | CASE NUMBER:<br>*(Número del Caso):*<br>19CV-0203 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Tanya Ortega, Esq., SBN 277941
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HARRIS PERSONAL INJURY LAWYERS
1025 Farmhouse Lane, Second Floor, SAN LUIS OBISPO, CA 93401          805-544-0100

| DATE:<br>*(Fecha)* 4/8/2019 4:25 PM | Clerk, by<br>*(Secretario)* /s/Michael Powell     Carol L. McGuire | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Orchard Supply Company, LLC, a business entity, doing business as Orchard Supply Hardware

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/10/19

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Tanya E. Ortega, SBN 277941
Ryan D. Harris, SBN 217154
Harris Personal Injury Lawyers, Inc.
1025 Farmhouse Lane, 2F
San Luis Obispo, CA 93401
P: (805) 544 0100
F: (805) 544 0101
E: tanya@harrispersonalinjury.com
Attorney for Plaintiff
*Carolyn Johnson*

**ELECTRONICALLY**
**FILED**
**4/8/2019 4:25 PM**

SAN LUIS OBISPO SUPERIOR COURT
BY (illegible)
Carol L. McGuirk, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| CAROLYN JOHNSON, an individual; | CASE NO.: 19CV-0203 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs, | 1. Negligence |
| ORCHARD SUPPLY COMPANY, LLC, a business entity, doing business as ORCHARD SUPPLY HARDWARE; and DOES 1 through 50, Inclusive, | |
| Defendants. | |

Plaintiff CAROLYN JOHNSON alleges as follows:

## THE PARTIES

1.      Plaintiff CAROLYN JOHNSON ("Plaintiff") is an individual residing in Port Orford, Oregon.

2.      Upon information and belief and at all times mentioned herein, Defendant ORCHARD SUPPLY COMPANY, LLC is and at all times mentioned in this Complaint was, a limited liability company organized and existing under the laws of the State of California doing business as ORCHARD SUPPLY HARDWARE in Pismo Beach, California.

3.     Plaintiff is unaware of the true names and capacities of Defendants Does 1 through 50, inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed and believes and thereon alleges that each of these Defendants are responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages.

4.     It is understood and believed that Defendants owned, leased, maintained, operated, controlled, repaired, supervised, managed, and/or occupied the real property upon which Plaintiff's injuries occurred on the date of the incident.

5.     Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued herein was the agent, servant, employer, joint venturer, partner, owner, subsidiary, alias, and/or alter ego of each of the remaining Defendants and was, at all times, acting within the purpose and scope of such employment, agency, servitude, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each of the remaining Defendants sued herein.

6.     Plaintiff is informed and believes and thereon alleges that DOES 1 through 50, inclusive, include, but are not necessarily limited to, the employees, agents, persons, subsidiaries, representatives, affiliates, partners, distributors, vendors, and/or agents, who are each under the direct control of Defendants.

7.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the premises where the subject accident occurred are located within the judicial district of the above-entitled court. The premises where the subject accident occurred, were in the exclusive care and custody of Defendants.

8.     Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each Defendant was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope of such agency and employment.

///

## VENUE

9.      Plaintiff incorporates herein by reference all paragraphs hereinabove as if fully set forth in detail below.

10.     At all times herein mentioned, the incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of San Luis Obispo, as said incident occurred at the Orchard Supply Hardware located at 825 North Oak Park Boulevard, Pismo Beach, California.

## GENERAL ALLEGATIONS

11.     Plaintiff incorporates herein by reference all paragraphs hereinabove as if fully set forth in detail below.

12.     At all times herein mentioned, "Defendants" refers to ORCHARD SUPPLY COMPANY, LLC dba ORCHARD SUPPLY HARDWARE, and DOES 1 through 50, inclusive.

13.     At all times herein mentioned, Defendants, owned and/or controlled and/or maintained the property at 825 North Oak Park Boulevard, Pismo Beach, California. (the "Store").

14.     On or about September 29, 2018, Defendants caused a forklift to be positioned at the entrance/exit walkway of the Store which created a dangerous and unsafe condition on the ground.

15.     On September 29, 2018, as Plaintiff attempted to walk out of the Store, she tripped on the extended forks of the forklift thereby causing serious bodily injury and harm.

16.     On or about September 29, 2018, at the Store, in the City of Pismo Beach, California, Defendants carelessly and/or negligently used, controlled, maintained, and/or inspected the Store and/or the walkway where Plaintiff was injured, so as to permit forklift forks to extend into the walkway thereby creating a hazardous and unsafe condition on the ground and allow the walkway to remain in use and accessible to the public. This created a dangerous and unsafe condition that caused Plaintiff to be injured.

///

///

17.     Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued herein was the agent, servant, employer, joint venturer, partner, owner, subsidiary, alias, and/or alter ego of each of the remaining Defendants and was, at all times, acting within the purpose and scope of such employment, agency, servitude, ownership, subsidiary, alias, and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each of the remaining Defendants sued herein.

18.     Plaintiff is informed and believes and thereon alleges that DOES 1 through 50, inclusive, include, but are not necessarily limited to, the employees, agents, persons, subsidiaries, representatives, affiliates, partners, distributors, vendors, and/or agents, who are each under the direct control of Defendants.

19.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the Store is located within the judicial district of the above-entitled court. The Store where the subject fall occurred was in the exclusive care and custody of Defendants.

20.     At all times herein mentioned Defendants owed Plaintiff a duty of care.

## FIRST CAUSE OF ACTION

### (NEGLIGENCE)

21.     Plaintiff incorporates herein by reference all paragraphs hereinabove as if fully set forth in detail below.

22.     On or about September 29, 2018, at the Store, in the City of Pismo, California, Defendants carelessly and negligently used, controlled, maintained, and/or inspected the walkway where Plaintiff was injured, so as to permit forklift forks extending into the walkway thereby creating a hazardous and unsafe condition on the ground. This created a dangerous and unsafe condition that caused Plaintiff to be injured.

23.     At all times herein mentioned, Defendants, did so own, maintain, lease, operate, control, repair, supervise, manage, and/or occupy the Store and/or walkway where the fall occurred.

///

///

24.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing, and/or occupying the Store and/or the walkway owed a duty to Plaintiff.

25.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, cleaning, inspecting, managing, and/or occupying the Store and/or walkway failed to use reasonable care to keep the Store and/or walkway in a reasonably safe condition.

26.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing, and/or occupying the Store and/or walkway failed to use reasonable care to discover any unsafe conditions and to repair, replace, inspect, clean up, monitor, or give adequate warning of anything that could be reasonably expected to harm Plaintiff.

27.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing, and/or occupying the Store and/or walkway created an unreasonable risk of harm to Plaintiff.

28.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing, and/or occupying the Store and/or walkway knew or should have known about the unreasonable risk of harm created by the forklift forks extending into the walkway on the ground near the entrance/exit of the Store.

29.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing, and/or occupying the Store and/or walkway failed to take reasonable precautions to protect Plaintiff against the risk of the unreasonable harm, which is responsible for the injury caused by the dangerous and unsafe condition.

30.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing, and/or occupying the Store and/or walkway created an unreasonable risk of harm including a dangerous and unsafe condition, which was the actual and proximate cause of the injuries Plaintiff sustained.

31.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing, and/or occupying the Store and/or walkway owed a duty of reasonable care in providing safe and hazard-free premises and protecting persons walking out of the Store against unreasonable conditions.

32.     Despite such duties owed by Defendants, including but not limited to those duties owed to Plaintiff, Defendants breached said duties by, amongst other things: (1) failing to properly maintain the Store and/or the walkway serving as the entrance/exit of the Store; (2) failing to identify and remove the hazardous condition as referenced herein; (3) failing to properly inspect the Property so as to identify the dangerous condition; (4) failing to identify and reduce the tripping height of the dangerous condition; (5) failing to warn Plaintiff of the hazardous conditions by using warning signs or other demarcation; (6) failing to monitor and/or keep the area inaccessible to the public; (7) failing to provide adequate lighting; (8) failing to timely and properly change nonfunctioning lighting; (9) failing to adequately train and/or supervise Defendants on safe usage, storage, placement of machines, including but not limited to forklifts, at the Store; (10) failing to adequately train and/or supervise Defendants on safety procedures and policies regarding use, storage, placement of machines, including but not limited to forklifts, at the Store and (11) Defendants created the dangerous condition which caused Plaintiff's injuries. As such, Defendants maintained the Store and/or walkway in such a manner so as to create, cause, allow, contribute to, or assist in the creation of a dangerous condition in the Store, which existed at the Store for sufficient time that Defendants, and each of them, to have actual and/or constructive notice of such condition, and/or to warn Plaintiff of the existence of such conditions, which Defendants, and all of them, negligently and carelessly failed to do.

33.     Further, Defendants failed to exercise ordinary care in the maintenance of the Store and/or walkway by failing to set out warning signs, maintaining clear walkways and/or aisleways, and marking delineators, and/or any warning to Plaintiff that the condition of the ground failed to meet the minimum standards of safety as set forth in the appropriate building codes.

34.     At the time of the Plaintiff's fall, Defendants knew or should have known that the walkway was no longer safe and constituted a dangerous condition with an unreasonable risk of harm presented to the persons walking out of the Store. Further, Defendants knew or should have known that the persons walking out the Store would be unaware of the dangerous condition presented by the forklift and forklift forks. Defendants negligently failed to take steps to either

1  make the condition safe or warn the Plaintiff and others of the dangerous condition, all of which
2  caused the Plaintiff to trip on the extended forklift forks and fall due to the hazardous condition
3  and suffer the injuries and damages herein described.

4      35.    By virtue of their status as owners, maintainers, lessors, operators, controllers,
5  repairers, supervisors, managers, and/or occupiers of the Store and/or walkway, Defendants are
6  responsible for the dangerous and defective conditions that existed on the walkway, including
7  but not limited to, failing to properly remove, monitor, or maintaining clear walkways, failing to
8  properly inspect the subject premises, and failing to install proper safeguards to prevent
9  incidents, similar to the incident which caused Plaintiff's injuries.

10     36.    As a proximate result of the negligence of the Defendants, and each of them,
11 Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body,
12 and shock and injury to her nervous system and person, all of which said injuries have caused,
13 and continue to cause Plaintiff great mental, physical, and emotional distress, and nervous pain
14 and suffering. Plaintiff is informed and believes and thereon alleges, that said injuries will result
15 in some permanent disability to said Plaintiff, all in addition to her general damages in an
16 amount to be proven at trial.

17     37.    As a proximate result of the negligence of the Defendants, and each of them,
18 Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that
19 is unknown at this time, but which will be proven at the time of trial.

20     38.    As a further proximate result of the negligence of the Defendants, and each of
21 them, Plaintiff has suffered and will continue to suffer general damages in an amount presently
22 unknown, but which will be proven at the time of trial.

23     39.    As a further proximate result of the negligence of the Defendants, and each of
24 them, Plaintiff has suffered and will continue to suffer economic damages and loss of earnings in
25 an amount presently unknown, but which will be proven at the time of trial.

26     40.    As a further proximate result of the negligence of the Defendants, and each of
27 them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount
28 presently unknown but which will be proven at the time of trial.

**JURY DEMAND**

41.     Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.     All past and future general damages of Plaintiff, according to proof;

2.     All past and future economic damages of Plaintiff, according to proof,

3.     All past and future medical and related expenses of Plaintiff, according to proof;

4.     All past and future loss of earnings of Plaintiff, according to proof;

5.     Loss of earning capacity of Plaintiff, according to proof;

6.     Costs of suit herein;

7.     Prejudgment interest;

8.     Such other further relief as the Court deems just and proper.

DATED: April 8, 2019                         HARRIS PERSONAL INJURY LAWYERS, INC.

                                By:     _____
                                        Tanya Ortega
                                        Attorney for Plaintiff
                                        *Carolyn Johnson*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Tanya E. Ortega, SBN 277941<br>Harris Personal Injury Lawyers, Inc.<br>1025 Farmhouse Lane, Second Floor<br>San Luis Obispo, CA 93401<br>TELEPHONE NO.: 805.544.0100   FAX NO.: 805.544.0101<br>ATTORNEY FOR *(Name)*: Plaintiff, Carolyn Johnson | **ELECTRONICALLY FILED**<br>4/8/2019 4:25 PM<br>SAN LUIS OBISPO SUPERIOR COURT<br>By: *(illegible)*<br>Carol L. McGuirk, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Luis Obispo
STREET ADDRESS: 1035 Palm Street
MAILING ADDRESS: 1035 Palm Street - Room 385
CITY AND ZIP CODE: San Luis Obispo 93401
BRANCH NAME: Unlimited Civil

CASE NAME:
Johnson v Orchard Supply Company, LLC, et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 19CV-0203 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify)*: 1. Negligence
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 8, 2019
Tanya Ortega, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF SAN LUIS OBISPO COUNTY<br>San Luis Obispo Branch, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408<br>Paso Robles Branch 901 Park Street, Paso Robles, CA 93446 | |
|---|---|
| Carolyn Johnson vs. Orchard Supply<br>Company, LLC | **CASE NUMBER**<br><br>**19CV-0203**<br><br>**Case Management Conference** |

# NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

This case is assigned to **Judge Coates, Tana L.** for all purposes.

Plaintiff must serve the Summons and Complaint, a copy of this Notice; the Standing Case Management Order (located at https://www.slo.courts.ca.gov/os/tentativerulings.htm ) of the judge assigned for all purposes and must file proofs of service within 60 days after the Complaint is filed.

**Defendants shall file responsive pleadings with 30 days of service** unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties must appear for a first Case Management Conference **on August 12, 2019, 9:00 AM, San Luis Obispo Department 9** THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE. For information about telephone appearances call **COURTCALL** at (888)882-6878.

2. Parties are responsible for reviewing and following the Case Management Order of the assigned judge. The orders are located at https://www.slo.courts.ca.gov/os/tentativerulings.htm

3. Each party must file and serve a Case Management Statement at least 15 days before the conference.

4. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration or some form of alternative dispute resolution.

5. Trial will be set within the 11th or 12th month after the filing of the Complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.

6. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's office.

7. Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules. **LIMITED JURISDICTION ONLY:** unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00.

# SAN LUIS OBISPO COUNTY SUPERIOR COURT

*"The mission of the court is to resolve disputes in a fair, just and efficient manner and to interpret and apply the law consistently, impartially and independently."*

## CIVIL CASE MANAGEMENT POLICY

All civil actions except those exempted by San Luis Obispo Court Rule 9.02 will be assigned to one judge for all purposes.  All cases subject to these rules will be managed in a manner that will meet the case-disposition goals of the Standards of Judicial Administration Sections 2.1 and 2.3.  Chapter 9 of the San Luis Obispo County Superior Court Rules describes the policies and procedures of the court for the management of litigated civil disputes.  Parties shall be familiar with the rules.

Plaintiff shall serve the documents listed below at the same time the complaint is served.  Plaintiff shall serve each of the defendants and file a proof of service within 60 days after the complaint is filed. Documents that must be served with a copy of the complaint include:

1.    A copy of the Notice  of Case Management Conference;
2.    A copy of this Civil Case Management Policy statement;
3.    A copy of the Court's Alternative Dispute Resolution Policy Statement
4.    A blank Case Management Statement
5.    A blank Stipulation to Alternative Dispute Resolution.

The first Case Management Conference will be held approximately 150 days after the complaint is filed.  The clerk will enter the date of the conference on Notice of First Case Management Conference when the complaint is filed.  **The case will be assigned a trial date in the 12th month after the complaint is filed unless the circumstances and the interests of justice require a different trial date.**

**Please note:** Failure to comply with the court's case management rules and policies will result in the issuance of an OSC and the imposition of monetary and other sanctions.

### Alternative Dispute Resolution Policy

The San Luis Obispo Superior Court recognizes that civil litigation can be time consuming and expensive.  Delay rarely serves anyone's interests.  It often imposes intolerable social and economic burdens on the parties and the court.  It is the policy of the court to achieve a disposition of all litigation at the earliest date consistent with a fair and just resolution of the dispute.

Nearly all cases are resolved without trial.  Many settlements are achieved only after significant amounts of time and money have been spent on pre-trial procedures and investigation.  It is the goal of the San Luis Obispo County Superior Court to produce a fair and just settlement of the dispute early in the process.  To achieve this goal, it is the policy of the San Luis Obispo Superior Court to encourage the parties to pursue alternative methods of dispute resolution as early in the process as possible.  All cases will be assessed at the first Case Management Conference to determine which method of ADR is most likely to achieve an early resolution.

Alternative Dispute Resolution is more thoroughly explained in the form Alternative Dispute Resolution Policy Statement.  It is the obligation of counsel to review the alternatives to trial with their clients and to provide them with a copy of the form.

CVDC01
Rev 07/01/02
Mandatory

SLO Rule 9.11.1

CIVIL CASE MANAGEMENT POLICY

www.slocourts.net

## ALTERNATIVE DISPUTE RESOLUTION POLICY STATEMENT

### WAYS TO RESOLVE YOUR DISPUTE WITHOUT A TRIAL
Presented by the San Luis Obispo County Superior Court

The mission of your Superior Court is to resolve civil disputes fairly and efficiently. It is the court's policy to encourage persons involved in a lawsuit to consider methods other than a trial to resolve their disputes.

Did you know that 95% of all cases filed in court do not go to trial? Most cases are settled or decided in some other way. In fact, methods of settling disputes that do not require a trial have become the first choice of most businesses, government agencies and unions. Agreements to mediate or arbitrate disputes are now commonly found in contracts covering employment, medical care, banking and insurance.

Alternative Dispute Resolution is a catch-all term that refers to the ways other than a trial that can be used to resolve the dispute you brought to the courthouse. These options are typically less formal than trial and many provide opportunities to reach an agreement through a problem-solving approach rather than the adversarial approach of a trial. ADR can save time, reduce costs and increase your overall satisfaction with the outcome.

### THE ADVANTAGES OF ADR

**Reduce Legal Costs:** Nearly all cases are resolved without a trial. If a settlement is likely anyway, wouldn't it be better to save attorneys fees, court costs and experts fees by settling early? In a recent survey, two thirds said they saved money by using ADR.

**Reduce The Time Spent on the Dispute:** A dispute can usually be decided or settled much sooner by using ADR. It is almost always less expensive.

**Increase Control Over the Result:** Some methods of ADR allow the parties to fashion creative resolutions that are not available in a trial. Other ADR methods permit the parties to entrust a decision about the dispute to an expert in a particular field instead of to a judge or a jury without the same experience or knowledge. And in ADR, both the dispute and its resolution can remain confidential.

**Preserve Relationships:** ADR is generally a less adversarial and hostile forum for dispute resolution than a trial. An experienced mediator or arbitrator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction:** In ADR, the parties usually have a better chance to tell their side of the story than they do in trial. This increases the likelihood the case will settle as well as the parties= overall satisfaction with the outcome.

**Improve Attorney-Client Relationships:** Attorneys may benefit from ADR by being seen as problem-solvers instead of as aggressive advocates. Quick, cost-effective results are likely to produce repeat and new business from clients and their friends and associates.

### WHAT ARE THE ADR OPTIONS?

#### MEDIATION

In mediation, an independent, neutral person called a mediator helps the parties reach a mutually acceptable resolution of their dispute. The mediator does not decide the dispute but is trained to help the parties communicate so they can settle the dispute on terms they design themselves.

If mediation does not result in a settlement, the case is returned to court. And if the case goes to trial, there are laws that protect the confidentiality of the things discussed during mediation.

**Advantages:** Mediation leaves control of the outcome with the parties. It may be a particularly effective tool when the

---

CVDC04
Rev 07/01/02
Mandatory

ALTERNATIVE DISPUTE RESOLUTION

SLO rule 9.11.4

www.slocourts.net

parties have a continuing relationship to consider such as persons who work together, are neighbors or are members of the same family. Mediation is also effective where emotions are blocking a resolution. An effective neutral mediator can hear the parties out and help them communicate with each other in an effective and non-destructive manner.

**Disadvantages:** Mediation may be ineffective if one of the parties will not cooperate or is unwilling to compromise. And it may not be a good choice if the history of the parties includes abuse or victimization. Mediation may not produce a satisfactory resolution of the dispute if one of the parties has a significant advantage in power or rank than cannot be neutralized by the mediator.

## ARBITRATION

In arbitration, an independent, neutral person called an arbitrator decides what the outcome of the dispute will be. Each side presents evidence supporting its case in a setting that is more informal than a trial. Rules of evidence are relaxed.

Arbitration may be either binding or non-binding. Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's award as final. Generally, there is no right to appeal an arbitrator's final decision. Non-binding arbitration means that the parties are free to request a trial by a judge or a jury if they are unwilling to accept the arbitrator's findings and award.

**Advantages:** Arbitration is informal and usually less expensive than a trial. If the dispute involves a particularly complex matter, the parties can select an arbitrator who has training or experience in the subject matter of the dispute. If the dispute is not complex, the parties may simply wish to avoid the expense of a trial

**Disadvantages:** Generally, there is no appeal from a arbitrator's finding or award even if it is not supported by the evidence or the law. If a party to a non-binding arbitration requests a trial, there may be penalties for failing to achieve a better result.

## NEUTRAL EVALUATION

In early neutral evaluation, the parties employ an expert in the subject matter of the dispute and ask him or her to give them an opinion about how the dispute ought to be resolved. The expert's opinion is not binding and the parties use it to negotiate a resolution of the dispute.

**Advantages:** Neutral evaluation can produce early, creative settlements. If the parties are willing to listen to and compromise, the opinion of an expert they mutually select can provide a solid foundation for a long-lasting agreement.

**Disadvantages:** An expert can be expensive. The parties usually agree that neither the expert nor his or her opinion can be used in a trial if they cannot agree.

## COURT-SUPERVISED SETTLEMENT CONFERENCE

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a court-supervised settlement conference officer. The settlement conference judge or officer does not make a decision that is binding upon the parties. The judge or settlement officer helps the parties evaluate the case and to make decisions about settlement.

**Advantages:** A mandatory settlement conference gives the parties an opportunity before trial to negotiate a settlement in light of what they learned investigating the case and through discovery. The opinion of a settlement judge about the most likely outcome may inspire the parties to reevaluate their positions.

**Disadvantages:** A mandatory settlement conference is usually late in the life of a litigated dispute. It comes only after time and money has been spent preparing for trial. The parties' positions may have been hardened by what they have been through and they may be less willing to compromise.

---

CVDC04
Rev 07/01/02
Mandatory

ALTERNATIVE DISPUTE RESOLUTION

SLO rule 9.11.4

www.slocourts.net

**SUPERIOR COURT OF SAN LUIS OBISPO COUNTY**
☐ San Luis Obispo Branch, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408
☐ Grover Beach Branch, 214 South 16th Street, Grover Beach, CA 93433
☐ Paso Robles Branch, 901 Park Street, Paso Robles, CA 93446

Plaintiff:

Defendant:

|  |  |
|---|---|
| **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 201.9)** | **CASE NUMBER:**<br><br>Judge |

*FOR COURT USE ONLY*

The parties and their attorneys hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Mediation                                    ☐ Neutral Case Evaluation

☐ Binding Judicial Arbitration                 ☐ Binding Private Arbitration

☐ Nonbinding judicial arbitration under CCP 1141.2 (discovery to close 15 days before arbitration under CRC, rule 1612)

☐ Nonbinding judicial arbitration under CCP 1141.2 (discovery to remain open until 30 days before trial: order required under CRC, rule 1612)

☐ Other

It is also stipulated that the arbitrator, mediator or other neutral shall be:

Name:

Date:                                          Date:

Name of Plaintiff                              Name of Defendant

_____                        _____
Signature                                      Signature

Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____                        _____
Signature                                      Signature

(Attach another sheet if additional names are necessary)
It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, rule 225.

**IT IS SO ORDERED. IT IS ALSO ORDERED** that no new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

Date:                          _____
                               JUDGE OF THE SUPERIOR COURT

CVDC05
Rev. 03/01/2009
Optional

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          SLO Local Rule 9.11 4

Marcia Dean's
ESSENTIAL FORMS™

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**
Date:                     Time:              Dept.:          Div.:              Room:
Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint  ☐ cross-complaint  *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER:: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:              f.   Fax number:
e.   E-mail address:               g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation (if available).**
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are **willing to** participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ► _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY)

_____          ► _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

---

## SUPERIOR COURT, STATE OF CALIFORNIA
## COUNTY OF SAN LUIS OBISPO
### Department 9

---

STANDING CASE MANAGEMENT ORDER
FOR CASES ASSIGNED TO THE HON. TANA L. COATES

---

**INSTRUCTIONS TO PLAINTIFF(S)/CROSS-COMPLAINANT(S):**
**YOU must serve a copy of this Standing Case Management Order on all Defendants/Cross-Defendants at the same time the complaint/cross-complaint is served.**

---

I.   **GENERAL MATTERS**

A.   It is the Court's policy to provide a dignified forum in which to resolve disputes in a peaceful, professional, legally correct and expeditious manner. All of the following rules are designed to achieve these goals. It is not the Court's intention to prohibit a party from raising any issue by any means allowed by any Rule of Court, Code or statute. If any of the rules or procedures discussed herein creates a problem, counsel should raise the matter with the Court at the earliest opportunity.

B.   Electronic communication with the courtroom clerk is permissible for routine communications having to do with scheduling, stipulated continuances, and/or joint requests. Substantive arguments are not permitted unless approved by the Court. In any correspondence with the Clerk, opposing counsel should be copied in order to avoid ex-parte communications. The Clerk's email address is Melanie.miller@slo.courts.ca.gov.

C.   Counsel shall turn off all audible telephones and pagers and instruct their clients and witnesses to do so. Communication devices worn on the head are not permitted in the courtroom.

II.  **CASE MANAGEMENT CONFERENCES ("CMC")**

A.   CMC Statements are not required. The Court expects that counsel will be prepared to discuss the current status of the case, discovery, amenability to mediation, and any unusual factual, legal or evidentiary issues that may need resolution. The parties must also advise the Court of complicated law and motion matters at CMCs. Counsel who fail to appear will typically be noticed for an OSC hearing regarding why sanctions should not issue.

B.   Early mediation is strongly encouraged. Good faith participation in mediation will ordinarily excuse participation in a Mandatory Settlement Conference. The Court will typically sign an order to mediate at an early CMC.

C.   It is the Court's policy to resolve discovery disputes informally and efficiently. Accordingly, the Court has instituted special procedures for the resolution of discovery disputes through Pretrial Discovery Conferences, which can be scheduled on forms that are available from the clerk's office (see section IV.C, below). All parties must agree to such procedures as explained below.

III. **MEDIATION**

A.   The parties are strongly encouraged to engage in early, meaningful mediation. Mediation will generally be ordered to take place within 90-120 days of the first appearances of all parties, but a longer time may be allowed.

B.   Parties who agree to mediation should comply with the mediator's instructions regarding briefing and payment of fees.

---

C.     A worthwhile mediation process means that parties, attorneys and any other person whose consent or authority is required to achieve a final disposition of the dispute shall be present, as well as a representative of any insurer who has authority to settle the case for any amount up to the limits of the policy.

D.     All plaintiffs should file a one-page "Notice of Mediation" with the clerk's office notifying the Court of the date of the mediation and name of the mediator.

## IV.    LAW AND MOTION MATTERS

A.     To the extent practicable, the Court will post tentative rulings on law and motion matters on the Court's website no later than the evening before the hearing.   The Court's website is located at www.slocourts.net.

B.     When parties agree to have a matter taken off calendar, or are prepared to submit a matter on a tentative ruling, counsel should promptly notify Judge Coates' Clerk and the Research Attorneys via e-mail.  This is important to avoid unnecessary commitment of judicial resources to moot matters.  Contact information for the research attorneys is: SloCourtAttorneys@slo.courts.ca.gov.

C.     Resolution of Discovery Disputes

     1.     Should a discovery dispute arise, the parties may stipulate to an informal Pretrial Discovery Conference in lieu of filing and serving discovery motions, pursuant to Code of Civil Procedure sections 2016.010 through 2036.050.

          a.     All parties to the discovery dispute shall sign a written stipulation electing to resolve the specified discovery dispute between them through an informal Pretrial Discovery Conference. The parties must stipulate to waive their rights to proceed with a regularly-noticed motion and stipulate that the Court can issue binding discovery orders as necessary in a full and final resolution of any such discovery dispute.

          b.     Any request for a Pretrial Discovery Conference must be filed with the clerk's office on the approved form (which is available online or can be requested from the clerk), must include a brief summary of the dispute (limited to 5 pages), and must be served on opposing counsel in the same manner as the request is filed with the clerk.

          c.     No other pleadings or exhibits, declarations, or attachments, will be accepted.

          d.     The parties will be notified by minute order whether the request has been granted or denied and, if granted, the date and time of the Pretrial Discovery Conference.

          e.     Personal attendance at the Pretrial Discovery Conference is required unless a telephonic appearance has been preapproved in advance of the Conference.

          f.     Filing a request for a Pretrial Discovery Conference tolls the time for filing a motion on the disputed issues.

          g.     If there is no agreement to stipulate to a binding discovery order by the Court, the parties are encouraged to agree to an informal Pretrial Discovery Conference, pursuant to Code Civ. Proc. Section 2016.080 in lieu of filing and serving a discovery motion.

## V.    TRIAL READINESS PROCEDURES

A.     Disagreements over jury instructions and the form of the verdict can consume valuable trial time and keep the jury waiting. At least one week prior to the readiness conference, counsel must meet and confer (preferably in person but in all other cases over the phone) with respect to jury instructions, a special verdict form, and time estimates for each witness.

     1.     Following the meet and confer process, the following documents should be emailed to the clerk no later than two days prior to the readiness conference:

          a.     One set of jury instructions, in Word format, using the headings, subheadings and organizational format on the Jury Instruction Template posted on the D9 Website.  (Disagreements as to particular instructions can be highlighted by color coding or using different fonts);

    b. One special verdict form, in Word format, using the correct caption and organizational format on the Jury Verdict Template posted on the D9 Website (Disagreements as to wording or other matters can be highlighted by color coding or using different fonts; and,

    c. Time estimates for each witness, in Word format, showing the expected time for direct examination and cross examination template as per the Time Estimate Template posted on the D9 Website.

B. The readiness conference is typically scheduled several weeks prior to trial. Trial counsel must be *personally present* at the readiness conference and be prepared to discuss the following topics:

  1. The length of trial (which will be calculated using time estimates for the expected witnesses), jury selection, disputed jury instructions, opening statements, and closing arguments. Time limits for all phases of the case are typically established and enforced.

  2. Number, timing and availability of witnesses. Judge Coates expects that counsel will provide accurate time estimates for the direct examination of each witness, as well as cross-examination time for each opposing witness. A jury trial will usually be in session from Monday through Thursday from 1:30 to 4:30 p.m., and on Friday from 10:00 a.m. to 4:30 p.m. Trial days beginning at 11:00 a.m. are possible.

    a. Counsel have responsibility for arranging the appearance of all witnesses during their presentation of the case so as to eliminate delays. Counsel should confer among themselves as to when witnesses will be needed at least 24-48 hours in advance of a witness' testimony.

    b. Counsel are to inquire of their clients and witnesses to determine whether they are in need of any type of accommodation with an interpreter, under the Americans with Disabilities Act, or any other type of assistance.

  3. Numbering and exchange of exhibits. The parties are encouraged to agree upon a reasonable exhibit numbering system using the format P001 forward (for plaintiff) and D001 forward (for defendant). There is an Exhibit Label Template on the Court's website. The specific arrangements for numbering, marking, exchanging and copying exhibits will be discussed in detail.

  4. Voir dire procedures, including mini-opening statements and pre-instructions, and hardship and jury questionnaires. Counsel should attempt to agree upon a brief neutral statement of the case to be read to the prospective jury panel.

  5. Stipulations to reduce the length of trial. Counsel should consult with each other regarding all possible stipulations and reduce them to writing. In particular, counsel should consider waiving the necessity for authentication/foundational evidence regarding all trial exhibits, unless authentication is an important issue.

  6. Motions in limine. Prior to filing motions in limine, counsel should confer with the objective of reaching agreement on as many such motions as possible. Counsel should review *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 669-677, and its progeny. Counsel should advise their clients and witnesses about rulings on motions in limine that pertain to evidentiary issues. Counsel will be held responsible for any violations of rulings on motions in limine.

## VI. TRIAL

A. The Court will typically hear organizational and scheduling matters, procedural issues and in limine motions at the beginning of trial, including any matters left over or continued from the Readiness Conference. These sessions are typically scheduled for 10:00 am on the first trial date.

  1. Originals of all depositions to be used in the trial are to be lodged with the Clerk at the beginning of trial. At the end of the trial, these depositions can be picked up from the Clerk, or they can be returned by mail at the party's expense.

B.     Jury Selection Procedures

1.       Jury selection ordinarily begins at 1:30 p.m. the first day of trial. If a questionnaire is used, the Court will consider hardships on the first day of trial, jurors will adjourn to complete the questionnaires, and the attorneys will receive the random list. Voir dire will begin at 10:00 a.m. on day two.

2.       Mini opening statements of no more than three minutes per side are encouraged prior to jury selection.

3.       The entire panel is screened for hardship, eighteen names are drawn at random, and voir dire is conducted.

4.       Challenges for cause are exercised and ruled upon out of the presence of the prospective jurors at sidebar. Upon request, counsel will be given the opportunity to make a record of any unreported sidebar conference once the jury is not present.

5.       At least two alternate jurors are typically selected. If it becomes necessary to substitute an alternate juror, the first alternate chosen will be the first substitute.

6.       Trial Procedures

a.       No charts, diagrams or other exhibits should be shown or read aloud to the jury unless by stipulation or after admission of the item into evidence.

b.       Counsel should provide hard copies of any power point presentations, audio or video recordings and the like to opposing counsel in advance of showing them to the jury.

c.       Counsel seeking to introduce an audio recording (or audio portion of a video recording), please review California Rules of Court, rule 2.1040.

d.       Any object that cannot be folded into 8½" x 11" such as models, blowups, etc. should be accompanied by either a photograph or a photocopy to be retained by the Court in lieu of the oversized exhibit.

e.       When objections are made, counsel should state only the legal basis, without speaking objections.

f.       Sidebar conferences are normally held off the record. Counsel may make a record of any unreported sidebar conference at an appropriate opportunity in the proceedings. During trial, if counsel wish to place matters on the record, he or she may so request and the Court will provide an opportunity to do so, ordinarily at the end of the trial day once the jury has been excused.

7.       Post-Trial Procedures

a.       After the verdict is rendered by the jury, the prevailing party shall prepare the judgment, which shall be submitted on the next Court day following trial unless otherwise ordered.

b.       Counsel should make arrangements with the clerk to withdraw exhibits in cases that will not be appealed. The clerk will hold the exhibits for sixty days after the filing of the notice of entry of judgment. Any exhibits remaining after that time will be destroyed unless a notice of appeal is filed.

DATED:  January 8, 2018

_____
                   HON. TANA L. COATES
                   *Judge of the Superior Court*
                   *County of San Luis Obispo*